UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARCUS EUSEBIO STEWART,

        Plaintiff,

v.

KATHERINE CORVA,
MARK JOHNSTON, and
CORVAA MUSIC, L.L.C.,

        Defendants.

_____/

Case No. 2:25-cv-12753

District Judge Terrence G. Berg
Magistrate Judge Anthony P. Patti

## **ORDER FOLLOWING JULY 8, 2026 VIDEO CONFERENCE**

Judge Berg has referred this case to me for pretrial matters.  (ECF No. 13.)

On July 8, 2026, the Court conducted a video conference (*see* ECF No. 17), at

which Plaintiff Marcus Eusebio Stewart, Defendant Katherine Corva, and

Defendant Mark Johnson each appeared on his or her own behalf.  Defendant

Corvaa Music, L.L.C. has yet to appear in this lawsuit.

Consistent with the discussion that took place during the video conference,

the Court orders as follows:

- As for yet-to-appear Defendant Corvaa Music, L.L.C., of which

  Plaintiff Katherine Corva stated she is the sole member, the

  New York Limited Liability Company has until and including

  **Friday, August 7, 2026** by which to retain counsel, who shall

1

file an appearance and must also be admitted to the bar of the Eastern District of Michigan.[1]

- The parties must comply with the Federal Rules of Civil Procedure (*see* https://www.uscourts.gov/forms-rules/current-rules-practice-procedure), as well as the Local Rules of the E.D. Michigan and the Undersigned's practice guidelines, each of which is accessible via the Court's website (*see* www.mied.uscourts.gov).

- Notwithstanding these rules, because there are two motions to dismiss pending, discovery (*see* Fed. Rules Civ. P. 16, 26-37) is **STAYED** until further order of the Court. This is so because, "[l]imitations on pretrial discovery are appropriate where claims may be dismissed 'based on legal determinations that could not have been altered by any further discovery.'" *Gettings v. Building Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) (citing *Muzquiz v. W.A. Foote Memorial Hosp., Inc.*, 70 F.3d 422, 430 (6th Cir. 1995)). Further, the parties need not provide initial disclosures (*see* Fed.

---

[1] *See* https://www.mied.uscourts.gov/index.cfm?pagefunction=attyAdmissionProcedure.

R. Civ. P. 26(a)(1)), and, in light of the New York State Family Court protective order prohibiting Plaintiff from contact with Defendant Corva (ECF No. 14-4, PageID.52-53), the parties need not seek concurrence in motions and requests (*see* E.D. Mich. LR 7.1(a)).

Finally, a report and recommendation regarding Defendants Corva and Johnston's motions to dismiss (ECF Nos. 14, 15) will enter under separate cover.

**IT IS SO ORDERED.**


Dated:  July 8, 2026

_____
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE